UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

     v.                                                               Crim. No. 1:12-cr-11-1

Jewel D. Hurt

## REPORT AND RECOMMENDATION
(Doc. 72)

      Jewel D. Hurt, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence imposed upon him in this district following his plea of guilty to one count of engaging in a conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, and one count of possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2).  (Doc. 61.)  On April 17, 2013, United States District Judge J. Garvan Murtha sentenced Hurt to concurrent terms of imprisonment of 100 months on each count, to be followed by a three-year term of supervised release.  (*Id.*)

      Hurt now claims that his sentence should be vacated in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  The government opposes the Motion, asserting that the Court's holding in *Johnson* has no application to Hurt's sentence and that the Motion is barred by the statute of limitations which governs § 2255 motions.

      For the reasons set forth below, I recommend that Hurt's § 2255 Motion (Doc. 72) be DENIED.

**Background**

**I.       Preliminary Proceedings and Plea Agreement**

This matter commenced with the filing of an Indictment on February 8, 2012, charging Hurt and codefendant Katie McPhee with the commission of numerous violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* (Counts 1–6). Hurt was charged in the same Indictment with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 7) and possession of a firearm as a person who had been previously convicted of a felony, in violation of 18 U.S.C. § 922 (g)(1) (Count 8). (Doc. 1.)

On October 26, 2012, a Plea Agreement was filed in the district court. (Doc. 38.) With benefit of counsel, Hurt agreed to plead guilty to two felony violations charged in the Indictment. Specifically, Hurt agreed to plead guilty to engaging in a conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 846 (Count 1), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 8). (Doc. 38 at 1.) As part of the agreement Hurt and the United States agreed pursuant to Fed. R. Crim. P. 11(c)(1)(C) that a sentence of 100 months was the appropriate sentence to be imposed. (*Id*. at 5.) On December 19, 2012, Hurt appeared in the district court and pled guilty to the two violations as outlined in the Plea Agreement. Judge Murtha accepted Hurt's pleas of guilty and ordered the preparation of a presentence investigation report (PSR).

**II.     The Presentence Report**

On March 6, 2013, a final PSR was submitted to the Court in which it was concluded that Hurt faced an advisory Sentencing Guidelines imprisonment range of 235 to 293 months, based on an adjusted offense level of 33 and a Criminal History Category (CHC) of VI.  (PSR ¶ 90.)  This sentencing range was determined as follows.  The base offense level was placed at level 32, based on a conclusion that Hurt had trafficked in an equivalent of 1,000 to 2,000 kilograms of marijuana in the course of the conspiracy.  (PSR ¶ 36.)  Two levels were added because the defendant possessed a firearm during the offense, pursuant to United States Sentencing Guidelines (USSG) § 2D1.1(b)(1).  (PSR ¶ 37.)  Two additional levels were added because Hurt played a leadership role in the conspiracy, pursuant to USSG § 3B1.1.  (PSR ¶ 39.)

Finally, three levels were subtracted from the offense-level calculation pursuant to USSG §§ 3E1.1(a) and (b) because Hurt had manifested an acceptance of responsibility.  (PSR ¶¶ 43–44.)  These adjustments resulted in a total offense level of 33.  (PSR ¶ 45.)  Hurt's prior convictions, which included two prior drug felony convictions, yielded 16 criminal history points, placing him in CHC VI.  (PSR ¶ 58.)  The PSR also concluded that Hurt was a "career offender" as that term is used under USSG § 4B1.1.  (PSR ¶ 42.)  However, because the underlying drug guideline and criminal history calculation without resort to the career offender provisions of the Sentencing Guidelines resulted in a greater sentencing range, the career offender guidelines were not employed in the determination of Hurt's advisory sentencing range.  (PSR ¶¶ 42, 58.)

**III.     Sentencing**

Sentencing in this matter occurred on April 17, 2013.  (Doc. 77.)  No objections were asserted to the conclusions set forth in the PSR and the district court indicated its acceptance of the agreed-on sentence pursuant to Fed. R. Crim. P. 11(c)(1)(C).  (*Id.* at 2.)  The Court engaged in the advisory Sentencing Guideline calculation.  (*Id.* at 9–10.)  The sentencing transcript reveals that the Court specifically concluded that Hurt faced an advisory sentencing range of 235–293 months *without* resort to the career offender provisions of the Sentencing Guidelines.  (*Id.* at 10.)  The court thereupon imposed the 100-month term of imprisonment, a significant variance from the advisory Sentencing Guideline range, yet consistent with the binding plea agreement.  (*Id.*)

## Discussion

A federal prisoner may collaterally attack his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  "[A] § 2255 motion is not a substitute for direct appeal," and courts "will not afford collateral review to claims that a petitioner failed properly to raise on direct review unless the petitioner shows (1) good cause to excuse the default and ensuing prejudice, or (2) actual innocence."  *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012); *see Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011).

The government contends that Hurt was not sentenced as a career offender and therefore *Johnson* has no application to Hurt's sentence.  Because of this, the government

argues, Hurt's Motion is barred by the one-year statute of limitations governing § 2255 motions.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the AEDPA).  Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate.  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(f)(l)–(4).

Judgment was entered on April 17, 2013, and Hurt did not appeal.  Hurt's conviction, therefore, became final 14 days later on May 1, 2013, when his time to appeal expired.  *See Clay v. United States*, 537 U.S. 522, 524–25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A).  Because Hurt filed his Motion to Vacate more than one year after his conviction became final, his Motion is untimely under § 2255(f)(1), and subsections (f)(2) and (f)(4) of § 2255 clearly have no application here.

In the section of his Motion regarding timeliness, Hurt argues that the Motion is timely under § 2255(f)(3) because it was filed within one year of *Johnson v. United*

5

*States*, which was issued on June 26, 2015. 135 S. Ct. 2551 (2015).  Under the Armed Career Criminal Act (ACCA), a felon in possession of a firearm faces a more severe punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony."  *Id.* at 2555.  If a violator has three or more such convictions, the ACCA increases his prison term to a minimum of 15 years and a maximum of life.  *Id.*  A "violent felony" under the ACCA is any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another[,] . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. §§ 924(e)(2)(B)(i)–(ii).  The last, more general, phrase—"conduct that presents a serious potential risk of physical injury to another"—is known as the ACCA's residual clause. *Johnson*, 135 S. Ct. at 2555–56.  In *Johnson*, the Supreme Court held the residual clause void because it is vague and violates the Constitution's guarantee of due process.  *Id.* at 2563.  In *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held that *Johnson* applied retroactively on collateral review.  The Second Circuit has held that *Johnson* applies when a defendant is sentenced as a career offender under USSG § 4B1.1, if at least one of the prior convictions was a "crime of violence," a phrase defined in USSG § 4B1.2.  *United States v. Maldonado*, 636 Fed. App'x. 807, 809–11 (2d Cir. 2016) ("[T]he operative language of Guideline § 4B1.2(a)(2)'s residual clause and the ACCA's residual clause is identical.").

Hurt erroneously asserts that he is entitled to relief under *Johnson,* claiming that he was sentenced as a career offender under USSG § 4B1.2(a).  He argues that because

6

the language in § 4B1.2(a), defining the term "crime of violence," is almost identical to the language of the residual clause in the ACCA, he is entitled to relief under *Johnson*. Hurt's claim fails for the simple reason that, contrary to his assertion, Hurt was not sentenced as a career offender under USSG § 4B1.1. Thus, *Johnson* simply does not apply, and his Motion is therefore not timely under § 2255(f)(3).

Even if the Motion was deemed timely, Hurt's sole claim—that he is entitled to relief under *Johnson*—is without merit for this very same reason. He was not sentenced as a career offender. *See Mata v. United States*, 11-CR-435, 16-CV-5187, 2016 WL 4097811 (S.D.N.Y. July 21, 2016); *Rodriguez v. United States*, 01-CR-0619 (VM), 16-CV-4816 (VM), 2016 WL 3866380 (S.D.N.Y. July 7, 2016); *Acosta v. United States*, 07-CR-1150 (VM), 16-CV-4525 (VM), 2016 WL 3866377 (S.D.N.Y. July 6, 2016) (declining to apply *Johnson* where defendant was not sentenced as a career offender).

The one-year statute of limitations established by 28 U.S.C. § 2255(f) "is not a jurisdictional bar," and is subject to equitable tolling. *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001). However, "[e]quitable tolling applies only in . . . rare and exceptional circumstance[s]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (internal quotation marks omitted). "[T]olling is appropriate 'only if [the petitioner] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance[] stood in his way" and prevented timely filing.'" *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (second alteration in original) (emphasis omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Hurt makes no effort to

satisfy these exacting standards. But, again if Hurt were able to overcome this hurdle, his claim would still fail because it is simply without substantive merit.

## **Conclusion**

Based on the foregoing, I recommend that Hurt's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 72) be DENIED. Because his Motion is without merit, Hurt's request for appointment of counsel set forth within his Motion should be denied.

Dated at Burlington, in the District of Vermont, this 14th day of September, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).